S08A0507. CHANCELLOR v. THE STATE.

(663 SE2d 203)

BENHAM, Justice.

Appellant Craig Robert Chancellor was convicted in a jury trial of failure to maintain lane and driving under the influence of alcohol to the extent it was less safe for him to drive. He contends on appeal that the trial court erred when it denied his motion to suppress all evidence obtained following his arrest.

1. A Georgia State Patrol trooper testified he responded to a call about an accident around 4:00 p.m. on June 11, 2006, and came upon

---

a vehicle which had left the roadway and become lodged between two trees after traversing a roadside ditch. The driver, whom the trooper identified as appellant, was outside the vehicle at the time the trooper arrived, and the trooper described him as unsteady on his feet and having extremely-dilated eyes and a strong odor of alcohol about him. The trooper testified appellant initially denied having consumed alcohol in the prior 24-hour period, and then admitted having consumed two beers earlier in the afternoon. The trooper placed appellant under arrest and read the implied consent notice statutorily required to be given to drivers over the age of 21 driving non-commercial vehicles. See OCGA § 40-5-67.1 (b) (2). Appellant refused to submit to chemical testing of his bodily fluids.

The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of failure to maintain lane and driving under the influence of alcohol to the extent it was less safe for him to drive. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant maintains suppression of evidence was in order because the implied consent notice given him pursuant to OCGA § 40-5-67.1 (b) (2) violated due process of law since it did not notify him, the holder of a commercial driver's license, that his refusal to submit to chemical testing of bodily substances could result in a lifetime revocation of his commercial driver's license. OCGA § 40-5-151 (c). We addressed this issue in *Chancellor v. Dozier*, 283 Ga. 259 (658 SE2d 592) (2008), the appeal filed by appellant from the administrative decision to disqualify him from driving a commercial motor vehicle for life as a result of his refusal to submit to state-administered chemical testing of his bodily substances. In deciding that appeal, we noted that a driver's ability to refuse chemical testing is not a constitutional right, but one of legislative grace (*South Dakota v. Neville*, 459 U. S. 553, 565 (103 SC 916, 74 LE2d 748) (1983); *Klink v. State*, 272 Ga. 605 (1) (533 SE2d 92) (2000)), and held that, so long as

the arresting officer informs the driver that refusal to submit to chemical testing could result in the suspension of the person's driver's license, due process does not require that the arresting officer inform the driver of all the consequences of refusing to submit to testing because the officer has made it clear that refusing the test was not a "safe harbor," free of adverse consequences. *South Dakota v. Neville*, supra, 459 U. S. at 566.

*Chancellor v. Dozier*, supra, 283 Ga. at 261. As the same legal

conclusion holds true in this appeal from appellant's criminal conviction, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Allen M. Trapp, Jr.,* for appellant.
*Stephen J. Tuggle, Solicitor-General,* for appellee.